(R.D. 11499)

AIMCEE WHOLESALE CORP. *v.* UNITED STATES

Entry Nos. 21166; 19342.

(Decided March 7, 1968)

*Barnes, Richardson & Colburn* for the plaintiff.

*Edwin L. Weisl, Jr.*, Assistant Attorney General, for the defendant.

Rao, Chief Judge: The appeals for reappraisement listed above have been submitted for decision upon the following stipulation:

IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto, subject to the approval of the Court, as follows:

1. That the involved merchandise consists of woolen sweaters exported from Italy during 1964; that the said merchandise does not appear on the Final List published by the Secretary of the Treasury (T.D. 54521) pursuant to the Customs Simplification Act of 1956; that the merchandise was entered for consumption after the effective date of Section 6(a) of the said Simplification Act; that the merchandise was appraised under statutory export value (Section 402(b) of the Tariff Act of 1930 as amended); that neither party challenges the said basis of appraisement.

2. That on or about the dates of exportation, the price at which such or similar merchandise was freely sold or offered for sale in the principal markets in the country of exportation in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other expenses incidental to placing the merchandise in condition packed ready for shipment to the United States, was the invoice price for each item, f.o.b.

3. That the above-entitled appeals may be submitted upon this stipulation.

Upon the agreed facts, I find export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, to be the proper basis for the determination of the value of the merchandise covered by said appeals for reappraisement and that such value is the invoice price for each item, f.o.b.

Judgment will be entered accordingly.